

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 12, 1939

Honorable J. H. O'Neall
County Attorney
Swisher County
Tulia, Texas

Dear Sir:

Opinion No. O-641
Re: What were the maximum salaries the
commissioners could pay themselves
for the years 1934, 1935, 1936,
1937, and 1938?

Your request for an opinion on the above-stated question
has been received by this office.

We are informed by the Comptroller's office that the
population of Swisher County was 7,343 inhabitants according to
the last Federal census, and the assessed tax valuation in
Swisher County is and has been between five and one-half million
and six million dollars per year which is as follows:

| 1933 | $5,960,885.00 |
| 1934 | $5,899,705.00 |
| 1935 | $5,911,675.00 |
| 1936 | $5,803,705.00 |
| 1937 | $5,853,457.00 |
| 1938 | $5,898,575.00 |

Article 2350 reads in part as follows:

". . . .In counties having assessed valuation of
more than Four Million Five Hundred Thousand and One
Dollars ($4,500,001) and less than Six Million Dollars
($6,000,000) each commissioner shall receive Five Dol-
lars ($5.00) per day for each day served as commissioner,
and a like amount when acting as ex-officio road super-
intendent in his Commissioner's Precinct, provided in
no event shall his total compensation exceed Twelve Hun-
dred Dollars ($1200) in any one year."

Honorable J. H. O'Neall, June 12, 1939, Page 2

Article 2350 (1) reads as follows:

"The salary of each County Commissioner and each
County Judge may be paid wholly out of the County Gen-
eral Fund, or, at the option of the Commissioners
Court, may be paid out of the County General Fund and
out of the Road and Bridge Fund in the following pro-
portions: County Judge not to exceed seventy-five per
cent (75%) of such salaries may be paid out of the
Road and Bridge Fund, and the remainder out of the
General Fund of the County, and each County Commissioner's
salary may, at the discretion of the Commissioners
Court, all be paid out of the Road and Bridge Fund;
provided this Section shall not apply except in counties
where the constitutional limit of twenty-five cents
(25¢) on the One Hundred Dollars ($100) is levied for
general purposes."

The first called session of the Forty-Third Legislature
passed House Bill No. 88, Chapter 83, which provides that:

"Except in all counties having an assessed valua-
tion of more than Five Million Dollars ($5,000,000) and
less than Five Million Five Hundred Dollars ($5,500,000)
according to the last preceding tax roll, each com-
missioner shall receive an annual salary not to exceed
Twelve Hundred Dollars ($1200)."

The assessed valuation of Swisher County has been more
than $5,500,000 for each of the above mentioned years. House Bill
No. 88, supra, became effective October 25, 1933. Chapter 216,
Acts of the Forty-Third Legislature, Regular Session, provides
that:

"The salary of the said commissioners shall be
paid at least one-half out of the Road and Bridge
Fund but not to exceed seventy-five (75%) per cent of
said salary shall be paid out of said fund and remain-
der out of the General Fund of the County. . . ."

In view of the foregoing statutes, you are respectively
advised that it is the opinion of this department that the maximum
salaries for the members of the Commissioners' Court of Swisher
County has been $1,200 a year for the years 1934 to 1938, inclu-
sive.

In answer to your second question, you are further ad-
vised that from January 1, 1934, to August 31, 1935, the Commissioners
should have been paid at least one-half and not to exceed three-
fourths of their salary from the Road and Bridge Fund and the re-

Honorable J. H. O'Neall, June 12, 1939, Page 3

mainder from the General Fund. From August 31, 1935, the effective date of Article 2350 (1), the Commissioners' Court could within their discretion pay all of their salaries out of the Road and Bridge Fund; provided, that Swisher County had levied the constitutional limit at twenty-five cents (25¢) on the One Hundred Dollars ($100) valuation.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:GO

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN